## Thomas Carrig *vs.* Patrick H. Dee.

No easement of light and air was acquired by their coming laterally for more than twenty years before the *St.* of 1852, *c.* 144, to a window in the wall of a house standing on the boundary line of its owner's estate, although the window swung out on hinges over the adjoining land.

ACTION OF TORT for the obstruction of light and air in two windows in the plaintiff's house. Trial in Middlesex at October term 1857 before *Bigelow*, J., who made the following report thereof:

" The plaintiff offered evidence tending to show that there were two windows in the northerly side or wall of his house, next adjoining the land of the defendant; the plaintiff's house being erected on the line between his estate and that belonging to the defendant.

" The evidence tended to prove that one of the windows alleged to be obstructed had existed for a number of years, as far back as the early part of this century; that it had always been about eighteen inches square; that it was hung on hinges, and, when open, swung outward over the land now owned by the defendant, and that it had always been used, since its construction, by opening it outward over the said land.

" As to the other window, the evidence tended to show, that it was made at a later period than the other, but that it had existed more than twenty years prior to 1852. This window was an ordinary sliding window, opening and shutting by raising and lowering it perpendicularly.

" The evidence proved, and it was not denied, that the defendant erected on his land, in the year 1855, a building within six inches of the building of the plaintiff, which prevented the first named window from being open and shut, and entirely obstructed the light and air passing through both of the windows aforesaid.

" The court instructed the jury that, if they found that the plaintiff, or those under whom he claimed title had, for twenty years prior to April 22d 1852, under a claim of right, enjoyed,

used and possessed the open, uninterrupted, continuous and ex‹ clusive flow or passage of light and air through both of said windows, the defendant would be liable in damages for the obstruction thereof.

" The court, for the purpose of settling the questions of law which might arise in the case, also directed the jury to find specially whether the small swinging window aforesaid had been in existence and use for twenty years prior to the year 1832, it being in dispute whether there had been a continuity of possession since 1832. It was not contended that if the right had been gained prior to 1832, it had been lost by nonuser or abandonment since.

" The jury returned a verdict for the plaintiff, assessing damages at five dollars, and found specially that said small window had been in existence and use for twenty years prior to 1832.

" The court reserved the questions of law arising in the case for the consideration of the whole court. If the whole court are of opinion that the instructions were right, and that the plaintiff has a right to maintain his action solely for the obstruction of light and air, in either window, judgment is to be entered on the verdict. If the court are of opinion that the plaintiff has no right to light and air through either window, but is entitled to maintain his action solely for obstructing said small swinging window and preventing the opening and shutting thereof, then judgment is to be entered for one dollar damages, the plaintiff remitting the residue of the verdict."

This case was argued at Boston in February 1859.

*J. Q. A. Griffin*, for the plaintiff. The right to light and air is an easement, to be acquired, maintained and lost like other easements. In this case every fact essential to the creation of an easement has been found by the jury under the instructions given at the trial. *Sargent* v. *Ballard*, 9 Pick. 251.

The doctrine of the modern English decisions, more liberal than is necessary to sustain this verdict, seems to have been adopted both by the courts and the legislature of this commonwealth. Rev. Sts. *c.* 60, §§ 27, 28. *St.* 1852, *c.* 144. *Story* v. *Odin*, 12 Mass. 157. *Atkins* v. *Chilson*, 7 Met. 398.

The right to the swinging window at least has been acquired *Pierce* v. *Fernald*, 26 Maine, 436.

*B. F. Butler,* for the defendant, cited *Ingraham* v. *Hutchinson*, 2 Conn. 597; *Parker* v. *Foote*, 19 Wend. 309; *Myers* v. *Gemmel*, 10 Barb. 537; *Ray* v. *Lynes*, 10 Alab. 63; *United States* v. *Appleton*, 1 Sumner, 492; *Fifty Associates* v. *Tudor*, 6 Gray, 255; *Collier* v. *Pierce*, 7 Gray, 18; *Rogers* v. *Sawin*, 10 Gray,

SHAW, C. J. The court are of opinion that the plaintiff acquired no right to the use of air and light, coming laterally to his windows over the vacant lot of the defendant, though continued for twenty years before the *St.* of 1852, *c.* 144, took effect; and that the window on hinges, swinging outward over the defendant's land, did not constitute such an adverse possessory use of the adjoining land, as to make any difference in the principle. It was not such a use as to encroach visibly or tangibly on the beneficial use and enjoyment of the land, over which such swinging window occasionally turned, or to diminish the owner's enjoyment, and so bring it within the principle that the law presumes that a man will not suffer another to make use of his property to his injury and inconvenience, and therefore presumes, if one man does make such use of another's property without objection on the owner's part, it is because he has a right by some instrument or grant, which is lost or cannot be produced. It is on this ground that adverse, exclusive, actual use of another's property, if continued twenty years, is taken to be proof of right and title; and the consideration of public policy comes in aid of this maxim, on the ground of quieting title, and the disturbance of long continued quiet possession.

*Judgment for the defendant.*